1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID BENNETT,                        No.  2:24-CV-3160-DAD-DMC-P

12                    Plaintiff,

13        v.                               ORDER

14   WOLK, et al.,

15                    Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.[1]  Pending before the Court is Plaintiff's original complaint.  See ECF No. 1.

19   Also before the Court is Plaintiff's motion for appointment of a guardian ad litem.  See ECF No.

20   8.

21            The Court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

23   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

26

27         [1]     The case has been incorrectly entered on the Court's docket as a habeas corpus
      action under 28 US.C. § 2254.  Plaintiff's complaint states that he is seeking relief pursuant to 42
28    U.S.C. § 1983.  See ECF No. 1, pg. 1.

                                                1

1  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

2  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This

3  means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

4  1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

5  complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

6  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

7  with at least some degree of particularity overt acts by specific defendants which support the

8  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

9  impossible for the Court to conduct the screening required by law when the allegations are vague

10  and conclusory.

11

12                          **I.  PLAINTIFF'S ALLEGATIONS**

13          Plaintiff names the following as defendants: (1) Judge Wolk of the Yolo County

14  Superior Court; and (2) Public Defender Joseph Gocke.  See ECF No. 1, pg. 1.  Plaintiff alleges:

15          On 9-27-24, Judge Wolk conspired with Joseph Gocke to violate Bounds
            v. Smith, 430 U.S. 817 (1977); 18 U.S.C. § 1985, Lewis v. Casey, 518
16          U.S. 343 (1996), the ADA Act of 1990, the Rehabilitation Act of 1973,
            and the law on issues herein when Judge Wolk and Joseph Gocke rules
17          and heard my 2 habeas corpus [cases]. . . without jurisdiction, without a
            habeas court in the entire building.  After that he put me on habeas
18          restriction ordering that I can't file any pro se motions or habeas corpus to
            challenge my PC § 1370 and conditions of confinement denying all access
19          to court as long as I'm PC § 1372 retaliating.

20          ECF No. 1, pg. 2.

21  Plaintiff alleges "discrimination based on disability. . . ."  Id.

22

23                          **II.  DISCUSSION**

24          For the reasons discussed below, the Court finds that Plaintiff cannot state a claim

25  for relief because Defendant Wolk is immune from suit, because Defendant Gocke is not a state

26  actor, because Plaintiff has not alleged facts to establish entitlement to relief under § 1985 on a

27  theory of disability discrimination, and because Plaintiff has not alleged an actual injury arising

28  from any denial of access to the courts.

2

1

    **A.**    **Appointment of Guardian Ad Litem**

2

       As a preliminary matter, the Court will address Plaintiff's motion seeking

3

appointment of a guardian ad litem.  In his motion, Plaintiff states that appointment of a guardian

4

ad litem is warranted because he has been found incompetent to stand trial in his state court

5

criminal proceedings.  See ECF No. 8.

6

       Chief Magistrate Judge Delaney recently addressed this issue in <u>Bennet v. Lopez</u>,

7

E. Dist. Cal. Case No. 2:23-cv-2885-TLN-CKD-P.[2]  Specifically, based on judicially noticeable

8

state court records, Judge Delaney stated:

9

10

11

       . . . At an unspecified point during his state criminal proceedings, a doubt was declared about petitioner's competency and a psychiatric evaluation was ordered. . . . On May 21, 2025, the state trial court determined that petitioner was competent to stand trial and scheduled his trial to commence on June 23, 2025. . . .

12

       ECF No. 30 in <u>Bennet v. Lopez</u>.

13

Given that Plaintiff has not offered any evidence showing that the May 2025 competency

14

declaration has been set aside, the Court cannot find in this case that appointment of a guardian ad

15

litem is warranted in this case.

16

    **B.**    **Plaintiff's Claims Against Defendants Wolk and Gocke**

17

       On the merits, Plaintiff's complaint suffers from a number of defects.  First,

18

Defendant Wolk is immune from suit.  Second, Defendant Gocke is not a state actor for purposes

19

of § 1983.  Third, Plaintiff cannot assert a conspiracy claim under 42 U.S.C. § 1985 based on

20

disability discrimination because he has not alleged that he has a qualifying disability.  Fourth,

21

Plaintiff cannot establish a claim of denial of access to the courts because he has not alleged an

22

actual injury.

23

/ / /

24

/ / /

25

/ / /

26

27

28

---

[2]    **Error! Main Document Only.**The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  <u>See</u> <u>U.S. v. 14.02 Acres of Land</u>, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this Court may take judicial notice of state court records, <u>see</u> <u>Kasey v. Molybdenum Corp. of America</u>, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, <u>see</u> <u>Chandler v. U.S.</u>, 378 F.2d 906, 909 (9th Cir. 1967).

1          1.      Defendant Wolk is Immune from Suit

2          Defendant Wolk is a Yolo County Superior Court judge.  Judges are absolutely

3  immune from damage actions for judicial acts taken within the jurisdiction of their courts.  See

4  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  This immunity is lost

5  only when the judge acts in the clear absence of all jurisdiction or performs an act that is not

6  judicial in nature.  See id.  Judges retain their immunity even when they are accused of acting

7  maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v.

8  Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek

9  v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

10          Here, Plaintiff alleges liability stemming from Defendant Wolk's judicial rulings.

11  Plaintiff has not alleged any facts suggesting that Defendant Wolk acted in the clear absence of

12  all jurisdiction, or did something that was not judicial in nature.  And even if Plaintiff is alleging

13  that Defendant Wolk acted corruptly in ruling on his cases, Defendant Wolk would still be

14  entitled to absolute judicial immunity.

15          2.      Defendant Gocke is not a State Actor under § 1983

16          The requirements for relief under § 1983 are: (1) a violation of rights protected by

17  the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person;

18  (4) acting under color of state law.  See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

19  When public defenders are acting in their role as advocate, they are not acting under color of state

20  law for purposes of § 1983.  See Vermont v. Brillon, 556 U.S. 81, 91 (2009); see also Miranda v.

21  Clark County Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

22          In this case, Plaintiff has not alleged any specific conduct by Defendant Gocke, let

23  alone any facts to indicate that Defendant Gocke was not acting in his role as Plaintiff's advocate

24  in state court.  No relief is available here as to Defendant Gocke.

25  / / /

26  / / /

27  / / /

28  / / /

4

3.      Plaintiff Cannot Proceed Under § 1985

42 U.S.C. § 1985(3) provides a cause of action if two or more individuals conspire to deprive someone of their constitutional rights.  See Pasadena Republican Club v. W. Just. Ctr., 985 F.3d 1161, 1171 (9th Cir. 2021), cert. denied, 142 S.Ct. 337 (2021).  To proceed under § 1985, the plaintiff must allege some racial or otherwise class-based discriminatory animus behind the conspirators' actions.  See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  The Ninth Circuit has extended § 1985(3) beyond racial discrimination "only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights."  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).  Finally, a claim under § 1985(3) must allege facts to support the conclusion that defendants conspired together.  See Karim-Panahi v L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).  "A mere allegation of conspiracy without factual specificity is insufficient."  Id.

Here, Plaintiff alleges "discrimination based on disability. . . ."  ECF No. 1, pg. 2.  Plaintiff does not, however, state what his disability is and, for this reason, he has not shown that he is a member of a class to which special assistance is warranted.  Moreover, while Plaintiff alleges a conspiracy, Plaintiff does not allege any specific facts to support the claim.  For these reasons, Plaintiff fails to state a claim under § 1985(3).

4.      Plaintiff has not Alleged an Actual Injury

The gravamen of Plaintiff's complaint is that Defendants conspired to deny his Constitutional rights.  Prisoners have a First Amendment right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Prison officials must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828; Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).  But the right does not require a particular methodology.  See Lewis, 518 U.S. at 356.

1   It guarantees the "capability of bringing contemplated challenges to sentences or conditions of

2   confinement before the courts." Id.  It does not promise to turn inmates into effective litigators.

3   See id. at 354-55; Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  The right of access secures

4   the ability to present non-frivolous claims to the court, it does not secure a right to discover

5   claims or litigate them effectively once filed.  See Lewis, 518 U.S. at 354-55; Phillips, 477 F.3d at

6   655.  The right is restricted to non-frivolous criminal appeals, civil rights actions under 42 U.S.C.

7   § 1983, and habeas corpus petitions.  Lewis, 518 U.S. at 353 n.3, 354-56.

8              To establish an access to the court violation, a prisoner must identify an actual

9   injury.  Lewis, 518 U.S. at 349-351; Nev. Dep't of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th

10  Cir. 2011).  An actual injury is "actual prejudice with respect to contemplated or existing

11  litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at

12  349.  An actual injury is a jurisdictional requirement and may not be waived.  See id. at 348-52.

13             Here, Plaintiff only vaguely suggests that Defendants deprived him of access to the

14  courts.  Plaintiff has not, however, alleged any actual injury with respect to pending or

15  contemplated criminal appeals, civil rights actions, or habeas petitions.  Though Plaintiff states

16  that Defendant Wolk restricted Plaintiff's ability to file new habeas actions or challenges to the

17  conditions of his confinement, Plaintiff has not identified any specific action which was thwarted

18  by Defendant's order.

19

20                               **III.  CONCLUSION**

21             Because it is possible that the deficiencies identified in this order may be cured by

22  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

23  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

24  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

25  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

26  amend, all claims alleged in the original complaint which are not alleged in the amended

27  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

28  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

6

1    Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

2    complete in itself without reference to any prior pleading.  See id.

3           If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

4    conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

5    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

6    each named defendant is involved and must set forth some affirmative link or connection between

7    each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167

8    (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9           Finally, Plaintiff is warned that failure to file an amended complaint within the

10   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

11   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

12   with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

13   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

14         Accordingly, IT IS HEREBY ORDERED as follows:

15       1.    Plaintiff's motion for appointment of a guardian ad litem, ECF No. 8, is

16   DENIED.

17       2.    Plaintiff's original complaint is DISMISSED with leave to amend.

18       3.    Plaintiff shall file a first amended complaint within 30 days of the date of

19   service of this order.

20

21   Dated:  July 17, 2025

22                                  DENNIS M. COTA

23                                  UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28