1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID BENNETT,                              No.  2:24-CV-3160-DAD-DMC-P

12                  Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14   WOLK, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.[1]  Pending before the Court is Plaintiff's motion for injunctive relief.  See ECF

19   No. 3.

20

21                              **I.  PLAINTIFF'S ALLEGATIONS**

22          Plaintiff names the following as defendants: (1) Judge Wolk of the Yolo County

23   Superior Court; and (2) Public Defender Joseph Gocke.  See ECF No. 1, pg. 1.  Plaintiff alleges:

24                  On 9-27-24, Judge Wolk conspired with Joseph Gocke to violate Bounds
                    v. Smith, 430 U.S. 817 (1977); 18 U.S.C. § 1985, Lewis v. Casey, 518
25                  U.S. 343 (1996), the ADA Act of 1990, the Rehabilitation Act of 1973,
                    and the law on issues herein when Judge Wolk and Joseph Gocke rules
26

27          _____
            [1]      The case has been incorrectly entered on the Court's docket as a habeas corpus
28   action under 28 US.C. § 2254.  Plaintiff's complaint states that he is seeking relief pursuant to 42
     U.S.C. § 1983.  See ECF No. 1, pg. 1.

                                                    1

1   and heard my 2 habeas corpus [cases]. . . without jurisdiction, without a
2   habeas court in the entire building.  After that he put me on habeas
    restriction ordering that I can't file any pro se motions or habeas corpus to
3   challenge my PC § 1370 and conditions of confinement denying all access
    to court as long as I'm PC § 1372 retaliating.

4   ECF No. 1, pg. 2.

5   Plaintiff alleges "discrimination based on disability. . . ."  Id.

6

7   ## II.  DISCUSSION

8   The legal principles applicable to requests for injunctive relief, such as a

9   temporary restraining order or preliminary injunction, are well established.  To prevail, the

10  moving party must show that irreparable injury is likely in the absence of an injunction.  See

11  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

12  Def. Council, Inc., 129 S.Ct. 365 (2008)).  When a mandatory injunction is sought – one that goes

13  beyond simply maintaining the status quo during litigation – the moving party bears a "doubly

14  demanding" burden and must establish that the law and facts clearly supports injunctive relief.

15  See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc).  Mandatory injunctions

16  are "particularly disfavored" and "should not issue in doubtful cases."  Id. (internal quotations

17  omitted).

18  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely

19  on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."

20  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under

21  Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits;

22  (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of

23  hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d

24  at 1127 (citing Winter, 129 S.Ct. at 374).  The Ninth Circuit also recognizes an additional

25  standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a

26  lesser showing than likelihood of success on the merits – then a preliminary injunction may still

27  issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter

28  factors are satisfied.'"  See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir.

1   2013) (quoting <u>Alliance for the Wild Rockies v. Cottress</u>, 632 F.3d 1127, 1135 (9th Cir. 2011)).

2           To prevail on a motion for injunctive relief, "there must be a relationship between

3   the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying

4   complaint." <u>Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.</u>, 810 F.3d 631, 636 (9th Cir.

5   2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the

6   underlying complaint itself.  <u>See id.</u>  This nexus is satisfied where the preliminary injunction

7   would grant "relief of the same character as that which may be granted finally."  <u>See id.</u> (quoting

8   <u>De Beers Consol. Mines</u>, 325 U.S. 212, 220 (1945)).

9           The Court cannot issue an order against individuals who are not parties to the

10  action.  <u>See Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 112 (1969).

11  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the

12  prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is

13  some evidence of an expectation of being transferred back.  <u>See Preiser v. Newkirk</u>, 422 U.S.

14  395, 402-03 (1975); <u>Johnson v. Moore</u>, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).  Finally,

15  pursuant to the Prison Litigation Reform Act, any injunction with respect to prison conditions

16  "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

17  requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18

18  U.S.C. § 3626(a)(2); <u>see also Wonnacott v. Heehn</u>, 2021 WL 970453 (D. Oregon 2021).

19          In his motion, Plaintiff seeks an order from this Court directing that all criminal

20  charges against him be dropped, and that he be provided writing paper, stamps, and supplies.  <u>See</u>

21  ECF No. 3, pg. 2.  The Court finds that injunctive relief is not appropriate for several reasons.

22  First, as discussed in the accompanying order addressing the sufficiency of Plaintiff's complaint,

23  Plaintiff has not demonstrated at this stage of the proceedings that he has a likelihood of

24  succeeding on the merits of his claims.  Second, Plaintiff seeks orders directed to individuals who

25  are not parties to the action.  The defendants in this case are a Yolo County Superior Court judge

26  and Plaintiff's public defender.  Neither defendant has the power to drop criminal charges against

27  Plaintiff or provide Plaintiff with papers, stamps, etc.  The Court cannot direct injunctive relief to

28  non-parties.  Third, there is no nexus between the relief requested in Plaintiff's motion for

1  injunctive relief and the underlying claim presented in the complaint.  Plaintiff alleges in the

2  complaint that Defendants conspired to deprive him of his right to access to the courts.  This

3  claim has no relation to Plaintiff's criminal charges or access to supplies.

4

5                                    **III.  CONCLUSION**

6           Based on the foregoing, the undersigned recommends that Plaintiff's motion for

7  injunctive relief, ECF No. 3, be DENIED.

8           These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court.  Responses to objections shall be filed within 14 days after service of

12  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

13  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14

15  Dated:  July 17, 2025

16                                    _____
                                      DENNIS M. COTA
17                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28